

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

July 21, 2006

The Honorable Leticia Van de Putte, R.Ph.
Chair, Committee on Veteran Affairs
    and Military Installations
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0445

Re: Whether under Education Code section 54.203(a) the governing board of an institution of higher education must exempt an honorably discharged veteran from the payment of dues, fees, and charges if the veteran is not a United States citizen (RQ-0433-GA)

Dear Senator Van de Putte:

You ask whether under Education Code section 54.203(a) the governing board of an institution of higher education must exempt an honorably discharged veteran from the payment of dues, fees, and charges if the veteran is not a United States citizen.[1] *See* TEX. EDUC. CODE ANN. § 54.203(a) (Vernon 2006). Section 54.203(a) requires the governing board of an institution of higher education to exempt certain honorably discharged veterans from the payment of dues, fees, and charges:

> The governing board of each institution of higher education shall exempt the following persons from the payment of all dues, fees, and charges, including fees for correspondence courses but excluding property deposit fees, student services fees, and any fees or charges for lodging, board, or clothing, provided the persons seeking the exemptions were *citizens of Texas* at the time they entered the services indicated and have *resided in Texas for at least the period of 12 months before the date of registration*:
>
> (1) all nurses and honorably discharged members of the armed forces of the United States who served during the Spanish-American War or during World War I;

---

[1]*See* Letter from Honorable Leticia Van de Putte, R.Ph., Chair, and Honorable Craig Estes, Vice-Chair, Committee on Veteran Affairs and Military Installations, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas (Jan. 17, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

(2) all nurses, members of the Women's Army Auxiliary Corps, members of the Women's Auxiliary Volunteer Emergency Service, and all honorably discharged members of the armed forces of the United States who served during World War II . . . ;

(3) all honorably discharged men and women of the armed forces of the United States who served during the national emergency which began on June 27, 1950, and which is referred to as the Korean War; and

(4) all persons who were honorably discharged from the armed forces of the United States after serving on active military duty . . . for more than 180 days and who served a portion of their active duty during:

(A) the Cold War . . . ;

(B) the Vietnam era . . . ;

(C) the Grenada and Lebanon era . . . ;

(D) the Panama era . . . ;

(E) the Persian Gulf War . . . ;

(F) the national emergency by reason of certain terrorist attacks that began on September 11, 2001; or

(G) any future national emergency declared in accordance with federal law.[2]

*Id.* § 54.203(a) (emphasis added). Under subsection (d), "every applicant claiming the benefit of an exemption" must prove that he or she "fulfills the necessary citizenship and residency requirements." *Id.* § 54.203(d).

Attorney General Opinion GA-0347, issued in August 2005, determines that the phrase "citizens of Texas" in section 54.203(a) encompasses two requirements: first, the individual must have been a United States citizen at the time the individual entered the service; and second, the individual must have resided in Texas at the time the individual entered the service. *See* Tex. Att'y Gen. Op. No. GA-0347 (2005) at 3 (quoting Tex. Att'y Gen. Op. No. H-481 (1974) at 3). Thus,

---

[2]We use the term "veteran" to encompass members of the United States armed forces as well as nurses and members of the women's auxiliaries who are included under section 54.203(a)(1)–(2). *See* TEX. EDUC. CODE ANN. § 54.203(a)(1)–(2) (Vernon 2006).

section 54.203 on its face exempts from the payment of higher-education tuition and certain fees "a veteran who (1) was a United States citizen and a Texas resident at the time he or she entered the service and (2) has resided in Texas for at least 12 months" before registering in an institution of higher education. *Id.* You now ask that we clarify Opinion GA-0347 "on the specific question of whether or not a recipient must be a U.S. citizen to be eligible for benefits" under section 54.203(a). Request Letter, *supra* note 1, at 1.

The surest method of ascertaining the legislature's intent with respect to a particular statute is to rely on the statute's unambiguous plain language. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999) (reasoning that "ordinary citizens should be able to rely on" a statute's plain language; moreover, a court that strays from the plain language risks "encroaching on the Legislature's function to determine what the law should be"); *accord City of Galveston v. Tex. Gen. Land Office*, No. 01-04-01096-CV, 2006 WL 1041151, at *3 (Tex. App.—Houston [1st Dist.] April 20, 2006, pet. granted) (stating that statutory words "should be the surest guide to the Legislature's intent"). As Opinion GA-0347 interprets section 54.203(a)'s plain language, an honorably discharged veteran is entitled to receive benefits under section 54.203(a) if he or she was a United States citizen and a resident of Texas at the time he or she entered the service; the veteran also must have resided in Texas for at least 12 months before registering in a Texas institution of higher education.

Section 54.203(a) does not expressly require United States citizenship at the time an honorably discharged veteran who had been a United States citizen prior to entering the service registers in the institution of higher education. Rather, if an honorably discharged veteran who was a citizen of Texas and the United States at the time he or she entered the service but has since lost or given up citizenship, section 54.203(a) does not facially withhold benefits from the veteran so long as he or she has resided in Texas for 12 months prior to registering in an institution of higher education. Thus, consistent with section 54.203(a)'s plain language, an honorably discharged veteran who was a United States citizen and Texas resident at the time he or she entered the service need not be a United States citizen at the time the veteran registers in a Texas institution of higher education, so long as the veteran has resided in Texas for at least 12 months before registering.

## S U M M A R Y

To receive benefits under Education Code section 54.203(a), an honorably discharged veteran must (1) have been a United States citizen and Texas resident at the time he or she entered the service and (2) have resided in Texas for at least 12 months at the time the veteran registers in an institution of higher education. Section 54.203(a) does not require that the veteran be a United States citizen at the time he or she registers in the institution of higher education.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee